UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Omar Bermudez, | No. 2:23-cv-00989-KJM-DB |
| Plaintiff, | ORDER |
| v. | |
| SN Servicing Corporation, et al., | |
| Defendants. | |

Plaintiff Omar Bermudez alleges defendant SN Servicing Corporation sent him confusing and contradictory letters about his home mortgage loan. *See* Compl. ¶¶ 9–22, ECF No. 1-1.[1] For example, according to his complaint, SN told him it would soon make him an offer to modify the terms of his loan, and yet, when it made that offer, it said he had already defaulted on the modified agreement. *See id.* ¶¶ 14–17. The property was sold at auction in late 2022. *Id.* ¶ 22. Bermudez asserts five claims in this action, based on deprivation of statutory rights, for unfair competition, for an accounting, for wrongful foreclosure, and to cancel the legal instruments that effected the foreclosure sale, all under California law. *See id.* ¶¶ 24–60.

This case is the most recent of three Bermudez has pursued against SN. He filed the first in state court in May 2022. SN removed it to this court in July of that year. *See Bermudez v. SN*

---

[1] Unless otherwise noted, the documents cited in this order are those filed on the docket of this action, Case No. 2:23-cv-00989-KJM-DB.

1

1    *Servicing Corp.*, No. 2:22-cv-01246.  Bermudez then filed the second case, again in state court.
2    SN removed that case as well, and this court consolidated it with the first.  *See Bermudez v. SN*
3    *Servicing Corp.*, No. 2:22-cv-2116.  Bermudez then filed this case in state court and voluntarily
4    dismissed the consolidated federal case.  *See* Req. Dismiss, No. 2:22-cv-1246, ECF No. 52.  SN
5    removed the third case, citing this court's jurisdiction over actions between citizens of different
6    states.  Not. Removal., ECF No. 1.

7        Bermudez argues this court has no jurisdiction over this case because one of the
8    defendants, Quality Loan Service Corporation, shares his California citizenship.  He moves to
9    remand the case to state court.  *See generally* Mot. Remand, ECF No. 4.  SN opposes the motion.
10   *See generally* Opp'n, ECF No. 10.  SN does not dispute that Quality Loan has the same
11   citizenship as Bermudez.  It contends the court has jurisdiction despite Quality Loan's California
12   citizenship.

13       SN relies on the legal doctrine known as "fraudulent joinder."  *See id.* at 3.  Under that
14   doctrine, district courts disregard the citizenship of a defendant if it "cannot be liable on any
15   theory."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)
16   (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  This is a "heavy
17   burden" for the removing defendant to carry.  *Id.* (quoting *Hunter v. Philip Morris, USA*, 582
18   F.3d 1039, 1046 (9th Cir. 2009)).  SN does not argue Quality Loan "cannot be liable under any
19   theory."  It contends Bermudez's meager allegations fall short of explaining why Quality Loan is
20   liable.  *See* Opp'n at 3.  It argues, for example, that Bermudez has not included allegations in his
21   complaint to support his assertion that Quality Loan did not conduct "a proper public auction."
22   *See id.* (quoting Compl. ¶ 22).  Sparse factual allegations might lead to dismissal for failure to
23   state a claim, but they do not show a defendant was fraudulently joined, as even a vacuous
24   complaint might potentially be valid after an amendment.  *See Grancare*, 889 F.3d at 549; *Wise v.*
25   *Suntrust Mortg., Inc.*, No. 11-01360, 2011 WL 1466153, at *3 (N.D. Cal. Apr. 18, 2011).  SN has
26   not shown the claims against Quality Loan, such as wrongful foreclosure and unfair competition,
27   are not even potentially viable.  *See Wise*, 2011 WL 1466153, at *3.

     SN next argues Quality Loan is a "nominal defendant" whose presence the court may and should disregard. Opp'n at 3–4. "Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). SN argues Quality Loan has nothing at stake in this case because it served as a "foreclosure trustee" whose "role was merely to record the notice of default and the trustee's sale and to re-convey the property after the sale." Opp'n at 4. SN relies on Quality Loan's statement of non-monetary status, which it filed in state court on the day before SN removed the case. *See* Not. Removal Ex. 13, ECF No. 1-1. A statement of nonmonetary status is not effective in state court until after a fifteen-day objection period, and even after that period, a valid objection might render it ineffective. *See* Cal. Civ. Code § 2924*l*(c)–(e). Quality Loan's statement of nonmonetary status was not effective at the time of removal, so Quality Loan cannot have been a nominal party based on its statement alone. *See Wise*, 2011 WL 1466153 at *4; *Sherman v. Wells Fargo Bank, N.A.*, No. 11-0054, 2011 WL 1833090, at *2 n.2 (E.D. Cal. May 12, 2011).

     SN also cites several decisions in which California federal district courts have disregarded foreclosure trustees named as parties when deciding whether the courts had subject matter jurisdiction. *See* Opp'n at 4. The plaintiffs' complaints in those cases did not identify wrongdoing by the trustee itself, but rather rested on the trustee's fulfillment of its statutory and contractual duties. *See Kelley v. Caliber Home Loans, Inc.*, No. 17-01804, 2018 WL 2064633, at *3–4 (E.D. Cal. May 3, 2018); *Ogamba v. Wells Fargo Bank, N.A.*, No. 17-01754, 2017 WL 4251124, at *3 (E.D. Cal. Sept. 26, 2017); *Sherman*, 2011 WL 1833090, at *2–3. In contrast with the allegations in those cases, Bermudez alleges Quality Loan did not conduct a "proper public auction," Compl. ¶ 22, he claims Quality Loan wrongfully foreclosed, *id.* ¶¶ 49–54, and he asks the court to cancel the legal instruments Quality Loan recorded, *id.* ¶¶ 55–60. These allegations are spare, but they go beyond those in the cases SN cites.

     In sum, SN has not carried its burden of showing the claims against Quality Loan cannot even potentially succeed. Nor has SN shown Quality Loan was merely a nominal defendant "with nothing at stake." *Strotek*, 300 F.3d at 1133. This is not to say Bermudez has demonstrated

that he added Quality Loans to his current complaint in good faith.  He might not have.  As another judge of this court once wrote, federal district courts should not permit plaintiffs to insulate their cases against removal "merely by tacking on a trustee as a defendant." *Kelley*, 2018 WL 2064633, at *4. But federal courts employ a "strong presumption" against removal, and "the defendant always has the burden of establishing removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and quotation marks omitted).  To avoid remand, it was for SN to show Bermudez merely tacked Quality Loans onto its complaint; it has not done so.

The court **grants** the motion to remand (ECF No. 4).  The Clerk of Court is directed to **remand** this action to the Superior Court for the State of California, Sacramento County.  The court **denies as moot** the motion to dismiss (ECF No. 5).

IT IS SO ORDERED.

DATED:  July 13, 2023.

CHIEF UNITED STATES DISTRICT JUDGE